DONALD L. GARBRECHT
LAW LIBRARY

FEB 4 2000

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-032

PAF YOR - 2/2/2000

RICHARD G. CHARRETTE
and LILLIAN R. CHARRETTE,

    Plaintiffs

v.

INH. TOWN OF SANFORD,

    Defendant

and

MICHAEL ANGERS and
DIANE ANGERS,

    Parties-In-Interest

ORDER
AND
DECISION

Richard and Lillian Charrette own real estate in the rural residential zone in Springvale which abuts property owned by Michael and Diane Angers at 153 Littlefield Road. Michael and Diane Angers own about 2.3 acres of land with a single family home and a 30' by 40' garage. The garage is used by Mr. Angers to do truck maintenance on the vehicles used in his trucking business. Complaints were made about that business to the codes enforcement officer. Those complaints resulted in a request by Michael and Diane Angers for a dimensional variance to run an owner operating trucking business on their 2.3 acre parcel. Normally, a lot greater than 5 acres in size is required. The Zoning Board of Appeals granted the variance over the objection of the plaintiffs and the neighbors, the Charrettes, appealed. I find that the Charrettes have standing to bring this appeal.

A variance can only be granted when strict application of the ordinance to the petitioners and their property would cause undue hardship. In order for there to be "undue hardship" the petitioners must establish that, among other requirements, "The land in question can not yield a reasonable return unless a variance is granted." See 30-A M.R.S.A. §4353(4)(A). A "reasonable return" has been interpreted to mean that the applicant must ". . . show that the denial of the variance will result in the 'practical loss of all beneficial use of the land'." *Brooks v. Cumberland Farms, Inc.*, 703 A.2d 844, 848 (Me. 1997). Here even if the trucking business is not permitted a home and garage exist. Since they exist a reasonable return exists and a variance, regardless of whether or not the other requirements for a variance are met, should not have been granted. The case cited by the applicants, *Cushing v. Smith*, 457 A.2d 816, 823 (Me. 1983) while not formally overruled does not appear to be consistent with current law as summarized in *Brooks*. As Sanford has not adopted the optional procedures for variances from dimensional standards authorized by 30-A M.R.S.A. §4353 (4-C), see note 10 to *Brooks*, and as there is no evidence to suggest that the Board found that alleged contamination had eliminated the value of the property as a residence,

The entry must be:

> Decision of the Sanford Zoning Board of Appeals granting a dimensional variance is vacated.

Dated:        February 2, 2000

Paul A. Fritzsche
Justice, Superior Court

RICHARD & LILLIAM CHARRETTE:
Edward J. Titcom, Esq.
WATERHOUSE TITCOMB FLAHERTY
P O BOX 311        & KNIGHT
SANFORD MAINE   04073

TOWN OF SANFORD:
Sally J. Daggett, Esq.
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME   04112-4510

2

MICHAEL & DIANE ANGERS:
Paul W. Cadigan, Esq.
57 Portland Rd.
Kennebunk, ME.   04043